UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

SCOTT SHEDEK,

    Plaintiff,

v.

PROFESSIONAL DEBT
MEDIATION, INC. d/b/a PDM, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

### PARTIES

4.    Plaintiff, SCOTT SHEDEK ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Lee, and City of Fort Myers.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), as well as the FCCPA.

6. Defendant, PROFESSIONAL DEBT MEDIATION, INC. d/b/a PDM, INC. ("Defendant"), is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – specifically, apartment move-out fees (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated February 21, 2012, and in such communication, provided the notices required by 15 U.S.C. § 1692g.  (See February 21, 2012 Correspondence, attached as Exhibit A).

12. Defendant's February 21, 2012 initial communication also stated in relevant part:

<u>CREDITOR</u>:   FAIRWAY PRESERVE
C/O Larkspur Management
5659 Strand Ct. Ste. 102
Naples FL 34110

<u>ACCOUNT NO</u>: 5820-0023

<u>AMOUNT DUE</u>: $ 153.98

13.     Plaintiff sent Defendant written communication dated February 29, 2012, and in such communication, disputed the alleged debt.  (See February 29, 2012 Correspondence, attached as Exhibit B).

14.     Upon information and good-faith belief, Defendant received Plaintiff's dispute letter on or about March 7, 2012.

15.     Plaintiff did not receive verification of the alleged debt from Defendant.

16.     In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated September 13, 2012, and in such communication, provided Plaintiff with the notices required by 15 U.S.C. § 1692g again.  (See September 13, 2012 Correspondence, attached as Exhibit C).

17.     Defendant's September 13, 2012 communication stated in relevant part:

<u>CREDITOR</u>:    FAIRWAY PRESERVE
                        C/O Larkspur Management
                         Naples FL 34110
<u>ACCOUNT NO</u>: 5820-0029
<u>AMOUNT DUE</u>: $ 153.98

18.     By continuing to contact Plaintiff without having first provided verification of the alleged debt, after having received written communication from Plaintiff disputing the debt, Defendant violated 15 U.S.C. § 1692g(b).

19.     Defendant's September 13, 2012, communication falsely represented that Plaintiff has two accounts with Defendant by providing a different account number from its February 29, 2012 communication in its September 13, 2012 communication when, in fact, Plaintiff only has one account with Defendant.

20. Defendant's February 21, 2012, and September 13, 2012, communications threatened to take an action that cannot legally be taken because the operative lease did not impose any responsibility on Plaintiff whatsoever for maintenance or repair of floors, including carpets, but Defendant nevertheless attempted to impose a claim of $1,078.98 against Plaintiff and his security deposit that included an amount of $838.98 allegedly owed by Plaintiff for "carpet & pad replacement & staining of base."  (See Lease, attached as Exhibit E; Notice of Intention to Impose Claim on Security Deposit, attached as Exhibit F).

21. Plaintiff sent Defendant written communication dated September 21, 2012, and in such communication, disputed the alleged debt again.  (See September 21, 2012 Correspondence, attached as Exhibit D).

22. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Kim Watson" placed a call to Plaintiff's cellular telephone on September 20, 2012 at 2:23 P.M., and at such time, left the following voicemail message: "Message for Scott Shedek.  This is Kim Watson.  Scott you need to go ahead and get in contact with my office at 888-676-9872."

23. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Kim Watson" placed a call to Plaintiff's cellular telephone on September 24, 2012 at 10:29 A.M., and at such time, left the following voicemail message: "Scott Shedek, this is Kim Watson.  You need to contact me immediately at 888-676-9872."

24. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Kim Watson" placed a call to Plaintiff's cellular telephone on September 25, 2012 at 7:33 P.M., and at such time, left the following voicemail message: "This message here is

intended for Scott Shedek.  This Kim Watson.  You need to contact my office at 888-676-9872 very important."

25. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Kim Watson" placed a call to Plaintiff's cellular telephone on September 27, 2012 at 7:17 P.M., and at such time, left the following voicemail message: "Scott this Kim Watson.  Return my call 888-676-9872. Very Important."

26. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Kim Watson" placed a call to Plaintiff's cellular telephone on October 1, 2012 at 1:46 P.M., and at such time, left the following voicemail message: "Scott Shedek this Kim Watson you need to return this call Scott.  888-676-98752, it's very important."

27. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Kim Watson" placed a call to Plaintiff's cellular telephone on October 2, 2012 at 7:46 P.M., and at such time, left the following voicemail message: "Shedek.  This Kim Watson.  888-676-9872.  Very Important."

28. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Kim Watson" placed a call to Plaintiff's cellular telephone on October 3, 2012 at 11:46 A.M., and at such time, left the following voicemail message: "Scott Shedek this is Kim Watson.  You need to contact me immediately Scott.  888-676-9872.  Very important."

29. In its September 20, 2012, September 24, 2012, September 25, 2012, September 27, 2012, October 1, 2012, October 2, 2012, and October 3, 2012 voicemail messages, Defendant failed to notify Plaintiff that the communication was from a debt collector and failed to disclose its true corporate or business name.

30. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its September 20, 2012, September 24, 2012, September 25, 2012, September 27, 2012, October 1, 2012, October 2, 2012, and October 3, 2012 voicemail messages, Defendant failed to meaningfully disclose its identity to Plaintiff.

31. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

32. Plaintiff repeats and re-alleges each and every factual allegation contained above.

33. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

34. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

35. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(5)

36. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

37. Defendant violated 15 U.S.C. § 1692e(2)(A) by threatening to take an action that cannot legally be taken or that is not intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated 15 U.S.C. § 1692e(2(A);

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

j) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)

38. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

39. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting that Plaintiff has two accounts with Defendant, when in fact, Plaintiff only has one account; misrepresenting that it was entitled to impose a claim on Plaintiff's security deposit for alleged damage to carpets, when the operative lease imposed no responsibility whatsoever on Plaintiff therefor; and by conveying a false sense of urgency in its voicemail messages to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(11)

40. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

41. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f(1)

42. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

43. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the alleged debt or permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    j) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF 15 U.S.C. § 1692g(b)

44. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

45. Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt; Defendant further violated 15 U.S.C. § 1692g(b) by overshadowing, contradicting, and/or making statements inconsistent with the disclosure of Plaintiff's rights under 15 U.S.C. § 1692g, by providing written communication to Plaintiff incorporating disclosures required by the FDCPA at 15 U.S.C. § 1692g after Plaintiff had already disputed the alleged debt but not received verification of the alleged debt from Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATIONS OF SECTION 559.72(7) OF THE FCCPA

46. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

47. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff with such frequency as could reasonably have been expected to harass Plaintiff, or willfully engaging in other conduct which could reasonably have been expected to abuse or harass Plaintiff or any member of his family.

48. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT IX
## VIOLATIONS OF SECTION 559.72(9) OF THE FCCPA

49.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

50.     Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

51.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Emotional and/or mental anguish damages;

c.     Statutory damages of $1,000.00;

d.     Plaintiff's attorneys' fees and costs;

e.     Any other relief deemed appropriate by this Honorable Court.

**TRIAL BY JURY**

52.     Plaintiff is entitled to and hereby demand a trial by jury.

Respectfully submitted this 4th day of December, 2012.

                                             Respectfully submitted,

                                             **SCOTT SHEDEK**

                                             By: s/ Alex D. Weisberg
                                             ALEX D. WEISBERG
                                             FBN: 0566551
                                             WEISBERG & MEYERS, LLC
                                             ATTORNEYS FOR PLAINTIFF
                                             5722 S. Flamingo Rd, # 656
                                             Cooper City, FL 33330
                                             (954) 212-2184
                                             (866) 577-0963 fax
                                             aweisberg@attorneysforconsumers.com